IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KELLY A. ALLEN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JUDGE THOMAS PARDY, JUDGE SHEILA R. KOLAR, YELLOWSTONE COUNTY, MONTANA, CITY OF BILLINGS, MONTANA, JOHN DOES 1-10,<br><br>　　　　　Defendants. | CV 25-93-BLG-SPW<br><br>ORDER ON MOTION FOR PRELIMINARY INJUNCTION |

Plaintiff Kelly A. Allen, proceeding without counsel, filed a Motion for Preliminary Injunction (Doc. 4) requesting relief from a 40-year protective order. The Defendants did not respond to the Motion. For the following reasons, the Motion is denied.

I.    **Background**[1]

In June 2023, Allen's daughter, Juliette Angelo, filed for a protective order

---

[1] Allen's complaint refers to Judge Kolar as a District Court Judge for Yellowstone County, Montana, and Judge Pardy as a Municipal Court Judge for Billings, Montana. (Doc. 1 ¶¶ 7–8). Judge Kolar's actual position is Municipal Court Judge, and Judge Pardy's actual position is District Court Judge for the 13th Judicial District in Montana. This error will not affect the Court's analysis.

1

against Allen. (Doc. 1 ¶ 12). On July 11, 2023, a hearing was held in Billings Municipal Court on the protective order. (*Id.* ¶ 15). Following the hearing, the court granted an order of protection against Allen for forty years. (*Id.* ¶ 19). On July 18, the court modified the order to prohibit Allen from posting about Angelo on social media and to require her to remove all existing posts related to Angelo. (*Id.* ¶ 20).

Allen appealed the protective order to the Montana Thirteenth Judicial District Court. (*Id.* ¶ 22). She argued that the Municipal Court abused its discretion by issuing a 40-year order and violated her due process rights by preventing her from cross-examining witnesses, reviewing Angelo's Exhibit A, and testifying on her own behalf. (Doc. 4-1 at 19). Judge Pardy concluded that the Municipal Court did not abuse its discretion because Allen either admitted or failed to deny that she: (1) followed Angelo through Nashville, New Mexico, and Montana; (2) gave Angelo a bottle of tequila despite believing Angelo had severe mental health issues; (3) posted Angelo's address online and shared Angelo's personal medical information protected by HIPPA; (4) waited at a park where Angelo was known to walk her dog; and (5) tracked down Angelo at various addresses in various states. (*Id.* at 26–27). Because Allen admitted to or failed to deny the preceding facts, Judge Pardy found the Municipal Court did not act "…arbitrarily…or [in a manner that] exceeded the bounds of reason." (*Id.* at 27) (quoting *Newman v. Lichfield*, 272 P.3d 625, 630 (Mont. 2012)). Additionally, Judge Pardy found that the Municipal Court did not

violate Allen's procedural due process rights because both parties were given the same amount of time, roughly 7 minutes, to present their case. (*Id.* at 28). For these reasons, Judge Pardy affirmed the order of protection.

On July 24, 2025, Allen filed a Complaint in this Court against Judge Pardy, Judge Kolar, Yellowstone County, and the City of Billings, alleging multiple violations under 42 U.S.C. § 1983. On the same day, Allen filed a Motion for Preliminary Injunction seeking to enjoin the enforcement of the protective order and to permit limited, supervised contact between her and Angelo. (Doc. 4 at 8).

## II. Legal Standard

A party seeking a preliminary injunction must establish "that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The first factor "is a threshold inquiry and is the most important factor." *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020). A court may deny a motion without considering the other factors if the plaintiff fails to show a likelihood of success on the merits. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). It is well-established that the first factor is especially important when a plaintiff alleges a constitutional violation and injury. "If a plaintiff in such a case shows he is likely to prevail on the merits, that showing usually

demonstrates he is suffering irreparable harm, no matter how brief the violation." *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).

## III.   Discussion

Allen's Motion fails because she has not demonstrated a likelihood of success on her § 1983 claims. As explained below, Judge Pardy and Judge Kolar are immune from suit based on judicial immunity, and Allen has failed to establish that a policy, custom, or practice of the City of Billings or Yellowstone County caused the alleged constitutional torts.

### A.   *Judicial Immunity*

Common law judicial immunity bars suits seeking damages but does not preclude a court from granting declaratory or injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984). A judge qualifies for judicial immunity if the judge performed judicial acts within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). An act is judicial when it involves a function normally performed by a judge and when the parties interacted with the judge in a judicial capacity, as is the case here. *McGuire v. Clackamas Cnty. Counsel*, 08-CV-1098-AC, 2009 WL 4456310, at *4 (D. Or. Nov. 24, 2009).

In 1996, Congress amended 42 U.S.C. § 1983 to limit the circumstances under which injunctive relief could be granted against judges acting in their official capacity. "Congress expanded the scope of judicial immunity by providing that 'in

any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018) (quoting The Federal Courts Improvement Act of 1996 (FCIA), Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, 3853 (codified at 42 U.S.C. § 1983)).

Because Allen is seeking injunctive relief, specifically the enjoinment of the state court's protective order, the Court's judicial immunity analysis is more properly focused on the FCIA. Under that analysis, Judge Pardy and Judge Kolar are immune from Allen's claims because she does not allege that either judge violated a declaratory decree or that declaratory relief was unavailable, and both judges acted in their official capacity when ruling on the protective order. "Declaratory relief against a judge for actions taken in his or her judicial capacity is ordinarily available by appealing the judge's order." *Agbannaoag v. Honorable Judges of Cir. Ct. of First Cir. of Haw.*, CV-No.13-00205, 2013 WL 5325053, at *3 (D. Haw. Sept. 20, 2013); *Holmes v. Marsteiner*, No. 2:21-cv-02745-PSG, 2021 WL 1432707, at *1 (C.D. Cal. Apr. 5, 2021) (stating that "[t]he phrase 'declaratory relief' in § 1983 refers to the ability of a litigant to 'appeal the judge's order.' ") (quoting *Owens v. Cowan*, No. cv 17-03674-FMO, 2018 WL 1002313, at *11 (C.D. Cal. Jan. 17, 2018)).

5

### B.    *Municipal Liability*

Municipalities, such as Yellowstone County and the City of Billings, "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where … the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Congress did not intend for municipalities to be held liable solely because they employed a tortfeasor who caused a constitutional tort. *Id.* at 961. "[I]n other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory. *Id.* The "official policy" requirement of *Monell* is "intended to distinguish acts of the *municipality* from acts of the municipality's *employees*, and thereby makes clear that municipal liability is limited to actions for which the municipality is actually responsible." *Pembaur v. City of Cincinatti*, 475 U.S. 469, 470 (1986).

Allen generally alleges that Yellowstone County and the City of Billings maintain policies, customs, and practices that caused constitutional violations. (Doc. 1 ¶¶ 46–47). She does not identify a specific policy or custom that caused or served as the moving force behind the alleged violations. Without such a showing, she cannot establish a likelihood of success on her § 1983 claims against the City or County.

## IV. Conclusion

IT IS HEREBY ORDERED that Allen's Motion for Preliminary Injunction (Doc. 4) is DENIED because she has failed to demonstrate that she is likely to succeed on the merits of her § 1983 claims.

DATED this 19th day of August, 2025.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge