IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KELLY A. ALLEN,<br><br>     Plaintiff,<br><br>vs.<br><br>JUDGE THOMAS PARDY, in his official capacity; JUDGE KOLAR, in her official capacity; YELLOWSTONE COUNTY, MONTANA; CITY OF BILLINGS, MONTANA; and JOHN DOES 1-10,<br><br>     Defendants. | CV 25-93-BLG-SPW<br><br><br>ORDER ON DEFENDANT YELLOWSTONE COUNTY'S MOTION TO DISMISS |

Before the Court is Defendant Yellowstone County's Rule 12(b)(6) Motion to Dismiss. (Doc. 8). Plaintiff Kelly A. Allen filed an untimely response[1] on October 16, 2025 (Doc. 16), and Yellowstone County submitted its reply on October 21, 2025 (Doc. 18). For the following reasons, the Court grants the Motion.

I. Background[2]

In June 2023, Allen's adult daughter, Juliette Angelo, filed a petition for a

---

[1] The Court notes that Allen did not file her response within the time prescribed by Local Rule 7(d)(1)(B)(i). Nonetheless, this untimeliness does not affect the Court's analysis of the merits of the claims against Yellowstone County.

[2] Allen's Complaint identifies Judge Sheila Kolar as a district court judge for Yellowstone County, Montana, and Judge Thomas Pardy as a municipal court judge for Billings, Montana. (Doc. 1 at 2). Judge Kolar's actual position is municipal court judge, and Judge Pardy's actual position is district court judge. This error does not impact the Court's analysis.

1

protective order against Allen in Billings Municipal Court. (Doc. 1 at 3). On July 11, 2023, Judge Kolar held a hearing on the petition. (*Id.*). Following the hearing, Judge Kolar entered a protective order against Allen for 40 years. (*Id.* at 4). On July 18, 2023, the court modified the order to prohibit Allen from posting about Angelo on social media and to require removal of all existing posts concerning Angelo. (*Id.*).

Allen appealed to the Montana Thirteenth Judicial District Court, arguing that the municipal court abused its discretion. (*Id.* at 5). Judge Pardy rejected this argument and affirmed the municipal court's decision. (Doc. 4-1 at 28). The Montana Supreme Court affirmed Judge Pardy's decision on June 24, 2025. (Doc. 14-2 at 3).

On July 24, 2025, Allen filed a Complaint in this Court against Judge Pardy, Judge Kolar, Yellowstone County, and the City of Billings, alleging multiple violations of 42 U.S.C. § 1983. (Doc. 1). The Complaint asserts three § 1983 counts against "all Defendants" and one count for "municipal liability" against the City. (*Id.* at 6–9). Each count alleges that the protective order violated Allen's federal constitutional rights. The Complaint seeks declaratory and injunctive relief, including a declaration that the protective order is unconstitutional and an injunction prohibiting its enforcement. (*Id.* at 9–10).

/ / /

/ / /

## II. Legal Standard

### A. *Federal Rule of Civil Procedure 12(b)(6)*

A party may challenge the legal sufficiency of a complaint by moving to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand such a motion, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the facts pled permit a reasonable inference of liability. *Id.* Although detailed factual allegations are unnecessary, the complaint must offer more than bare legal conclusions. *Twombly*, 550 U.S. at 555.

In evaluating a Rule 12(b)(6) motion, courts accept well-pleaded factual allegations as true and construe them in the light most favorable to the non-movant. *See Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 850 (9th Cir. 2012). "Dismissal . . . is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### B. *Pro Se Motion to Dismiss*

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,

3

551 U.S. 89, 94 (2007) (citation omitted). In the motion to dismiss context, courts likewise "construe *pro se* filings liberally" and afford pro se litigants "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). At the same time, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). Thus, pro se litigants must follow the same rules of procedure as litigants who are represented by counsel. *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984), *overruled on other grounds by United States v. Hanna*, 292 F.3d 1080, 1088 n.5 (9th Cir. 2002).

### III. Discussion

Allen's Complaint alleges that Municipal Court Judge Kolar and State District Court Judge Pardy violated the United States Constitution by issuing and affirming a protective order entered against Allen. (Doc. 1 at 6–9). The Court agrees with Defendant Yellowstone County that the County is not a proper party to this action. The County is a separate entity from the City of Billings. Municipal court judges, like Judge Kolar, are officials of the municipality. Mont. Code Ann. § 3-6-101 (2023). District court judges, including Judge Pardy, are officials of the state. *Id.* § 5-7-102(7)(a).

In opposing the County's Motion to Dismiss, Allen argues that Judge Pardy violated her rights but does not address the County's contention that Judge Pardy is

4

not a County official and that the County bears no responsibility for his actions. (*See* Doc. 16 at 2–9).

Accordingly, the Court concludes that the allegations in the Complaint concerning Yellowstone County, even when viewed in the light most favorable to Allen, fail to state a claim upon which relief can be granted.

Ordinarily, "[d]ismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (citation omitted). Where amendment would be futile, there is no reason to prolong litigation by allowing further amendments. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002); *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). Because Allen's claims against Yellowstone County rest on naming a defendant uninvolved in the alleged conduct, affording her the opportunity to amend would be futile.

## IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

(1) Defendant Yellowstone County's Motion to Dismiss (Doc. 8) is GRANTED.

(2) Plaintiff's Complaint (Doc. 1) is DISMISSED WITH PREJUDICE as to Defendant Yellowstone County.

DATED this _1st_ day of December, 2025.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge